*J. H. Louden* and *J. M. McCoy*, for appellant.

*S. H. Buskirk*, for appellees.

————————•————————

·TURNER and Others *v.* CAMPBELL, Administrator. ·

DECEDENTS' ESTATES.—*Unclaimed Share.*—*Parties.*—*Pleading.*—On final set·
tlement of a decedent's estate, in the court of common pleas, a sum of money
was received by the clerk of said court as the share of said estate belonging

to a nephew of the decedent, to be kept by said clerk till said nephew should call for it. Complaint by some of the heirs at law of said decedent against the administrator of the estate of said clerk, deceased, alleging the receipt of said sum by the clerk as above stated; that said clerk died without having been called upon for said money by said nephew, who had not been heard from for seven years; and that the plaintiffs, assuming his death, claimed his share in his uncle's estate.

*Held*, that the complaint was bad on demurrer assigning as causes, that the plaintiffs had not legal capacity to sue, and that the complaint did not state facts sufficient, &c.

SAME.—*Transfer of Settlement to Circuit Court.—Supreme Court.*—An objection to the transfer of the settlement of a decedent's estate from the court of common pleas to the circuit court cannot be made for the first time in the Supreme Court.

SAME.—*Affidavit.*—Where an affidavit upon which such a transfer has been made is not in the record, the Supreme Court will presume that the affidavit was properly made under the statute.

APPEAL from the Hendricks Circuit Court.

WORDEN, J.—The appellants, a part of the heirs at law of Job Turner, deceased, filed their claim, in the form of a complaint, in the proper court of common pleas, against the administrator of the estate of John Irons, deceased. The settlement of the estate was transferred to the circuit court. In the latter court, a demurrer was filed to the complaint, both on the ground that the plaintiffs had not the legal capacity to sue, and because the complaint did not state facts sufficient, &c. The demurrer was sustained, and the plaintiffs excepted. Judgment for the defendant.

The case made by the complaint is, in substance, this: Irons, in his lifetime, was clerk of the court of common pleas of Hendricks county. On the final settlement, in that court, of the estate of Job Turner, a sum of money and a note which was afterwards collected were duly received by said Irons as such clerk, for the share and portion of said estate coming to the children of John Turner, who was a brother of Job, viz.: Isaac P. Turner and Elvira Turner, to be kept by said Irons until said Isaac P. and Elvira should call for the same. Irons departed this life without having been called upon for said money by said Isaac P. and Elvira, and the same remains unpaid.

It is averred that Isaac P. and Elvira have not been heard from for seven years, and the plaintiffs, assuming them to be dead, claim their share in the estate of their uncle Job.

The demurrer was, beyond question, correctly sustained. The appellants do not appear to have any interest in the matter. They do not appear to be the heirs of Isaac P. and Elvira, or either of them. Assuming, without deciding, that their death is sufficiently averred, it still does not appear but that they left lineal heirs, or heirs other than the plaintiffs, upon whom, on their death, their interests devolved. Again, the claim was personal, and could only be sued for by personal representatives of the parties.

It is urged by the appellant that the estate was wrongfully transferred to the circuit court; no objection, however, was made below on this ground, and none can be successfully made for the first time in this court.

The transfer, moreover, was made on affidavit, and although the affidavit is not in the record, we will presume it was properly made under the provision of law authorizing the same. 2 G. & H. 21, sec. 10.

The Judgment below is affirmed, with costs.

*C. C. Nave,* for appellants.

*L. M. Campbell,* for appellee.

